1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   WAGMA SAFI, Trustee of the Wagma          No.  2:12-CV-02280-JAM-AC
     Safi Living Trust dated
12   September 24, 2008,

13              Plaintiff,                      **ORDER GRANTING DEFENDANTS'
                                                MOTION TO DISMISS**
14        v.

15   BANK OF AMERICA, N.A.; QUALIFIED
     LOAN SERVICE CORPORATION;
16   FEDERAL HOME LOAN MORTGAGE
     CORPORATION; MORTGAGE ELECTRONIC
17   REGISTRATION SERVICE, INC.; and
     DOES 1-50,
18
                Defendants.
19

20        This matter is before the Court on Defendants Bank of

21   America, N.A. ("BANA"), Quality Loan Service Corporation

22   ("Quality"), Federal Home Loan Mortgage Corporation ("Freddie

23   Mac"), Mortgage Electronic Registration Systems, Inc. ("MERS"),

24   and Does 1-50's (collectively "Defendants") Motion to Dismiss

25   (Doc. #16) Wagma Safi's ("Plaintiff") Complaint (Doc. #1) for

26   failure to state a claim pursuant to Federal Rule of Civil

27   Procedure 12(b)(6).

28   ///

                                    1

1  Plaintiff opposes the motion ("Opposition") (Doc. #20).[1]

2  Defendants filed a reply to the Opposition (Doc. #24).  For the

3  following reasons, Defendants' motion is GRANTED.

4

5                 I.   FACTUAL AND PROCEDURAL BACKGROUND

6       This case arises out of a foreclosure action brought against

7  real property commonly known as 9948 Pianella Way, Elk Grove,

8  California ("Subject Property").  Prior to June 2008, Plaintiff

9  was the sole owner of the Subject Property.  On or about June 12,

10  2008, Plaintiff and Bob Hugh Hamblen ("Hamblen") allegedly

11  entered into an oral agreement which included the following

12  terms:

13       a.   Plaintiff would execute a quitclaim deed to the Subject

14  Property, naming herself and Hamblen as tenants in common.

15       b.   Hamblen would obtain a $240,000 loan from Countrywide

16  Bank, secured by a deed of trust against the Subject Property

17  signed by Plaintiff and Hamblen.  The promissory note for the

18  loan would be solely in Hamblen's name.

19       c.   Plaintiff would be responsible for paying all

20  principal, interest, and other charges due on the loan.

21       d.   If Hamblen predeceased Plaintiff, his estate would pay

22  the balance due on the loan to Countrywide.

23       e.   Plaintiff would remain the true equitable owner of the

24  Subject Property and, upon Plaintiff's demand, Hamblen would

25  execute a quitclaim deed to Plaintiff.  Upon Hamblen's death, his

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  originally scheduled for September 11, 2013.

                                 2

1  legal half interest in the property would pass to Plaintiff.

2       On June 12, 2008, Plaintiff executed a grant deed conveying

3  a half interest in the Subject Property to Hamblen and retaining

4  the other half interest.

5       Also on June 12, 2008, Plaintiff and Hamblen, as trustors,

6  executed a Deed of Trust against the Subject Property in favor of

7  Countrywide Bank.  Under the Deed of Trust, MERS was the nominal

8  beneficiary and nominee for Countrywide Bank.  The Deed of Trust

9  was security for a $240,000 loan obtained solely in Hamblen's

10  name from Countrywide Bank.

11       On June 16, 2008, both the grant deed and the Deed of Trust

12  were recorded.  On September 19, 2008, Plaintiff and Hamblen

13  signed a written agreement identical in its terms to the oral

14  agreement made on or about June 12, 2008 (described above).  In

15  November 2009, Hamblen died intestate.

16       From June 2008 to December 2011, Plaintiff allegedly made

17  all payments on the loan to Countrywide, then to BANA, via

18  electronic withdrawals from her bank checking account. In

19  December 2011, Plaintiff ceased making payments on the advice of

20  prior counsel.

21       From December 2011 to present, Plaintiff allegedly "made

22  numerous attempts to tender performance under the Deed of Trust

23  and cure the arrears on the loan."  Compl. ¶ 19.  However, she

24  was unable to do so because BANA refused to disclose any

25  information to her, other than the monetary amount required to

26  pay off the loan.  Plaintiff was told that she could not obtain

27  any other information because she was not an obligor on the

28  original promissory note.

1     On March 13, 2012, an Assignment of Deed of Trust was

2 recorded, transferring the beneficial interest under the Deed of

3 Trust from MERS to BANA.  On May 8, 2012, a Substitution of

4 Trustee was recorded, making Quality the trustee under the Deed

5 of Trust.  Also on May 8, 2012, Quality recorded a Notice of

6 Default against the Subject Property.  On August 10, 2012,

7 Quality recorded a Notice of Sale against the Subject Property.

8     On August 28, 2012, Plaintiff filed the original Complaint

9 (Doc. #1) in Sacramento County Superior Court.

10     On August 30, 2012, the Sacramento County Superior Court

11 issued a Temporary Restraining Order staying the planned sale of

12 the Subject Property.  That order remains in effect pending the

13 outcome of this case.

14     On October 26, 2012, Defendants removed the present case

15 from Sacramento County Superior Court to this Court (Doc. #1).

16     This Court has jurisdiction under 18 U.S.C. § 1452(f), which

17 grants original jurisdiction to United States district courts

18 over civil actions to which Freddie Mac is a party.

19

20              II.  OPINION

21     A.  <u>Legal Standard</u>

22     A party may move to dismiss an action for failure to state a

23 claim upon which relief can be granted pursuant to Federal Rule

24 of Civil Procedure 12(b)(6).  To survive a motion to dismiss a

25 plaintiff must plead "enough facts to state a claim to relief

26 that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>,

27 556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a

28 district court must accept all the allegations in the complaint

4

1  as true and draw all reasonable inferences in favor of the

2  plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

3  overruled on other grounds by Davis v. Scherer, 468 U.S. 183

4  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be

5  entitled to the presumption of truth, allegations in a complaint

6  or counterclaim may not simply recite the elements of a cause of

7  action, but must sufficiently allege underlying facts to give

8  fair notice and enable the opposing party to defend itself

9  effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

10 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.

11 2012).  "Second, the factual allegations that are taken as true

12 must plausibly suggest an entitlement to relief, such that it is

13 not unfair to require the opposing party to be subjected to the

14 expense of discovery and continued litigation."  Id.  Assertions

15 that are mere "legal conclusions" are therefore not entitled to

16 the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678

17 (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is

18 appropriate when a plaintiff fails to state a claim supportable

19 by a cognizable legal theory.  Balistreri v. Pacifica Police

20 Department, 901 F.2d 696, 699 (9th Cir. 1990).

21     Upon granting a motion to dismiss for failure to state a

22 claim, a court has discretion to allow leave to amend the

23 complaint pursuant to Federal Rule of Civil Procedure 15(a).

24 "Dismissal with prejudice and without leave to amend is not

25 appropriate unless it is clear . . . that the complaint could not

26 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

27 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

28
                              5

1    B.    Judicial Notice

2        Defendants request that the Court take judicial notice of

3   five documents: (1) the Deed of Trust referenced in the

4   Complaint; (2) the Assignment of Deed of Trust from MERS to

5   BANA; (3) the Substitution of Trustee naming Quality as

6   substitute trustee; (4) the Notice of Default referenced in the

7   Complaint; and (5) the Notice of Sale referenced in the

8   Complaint.  Def.'s Request for Judicial Notice ("DRJN"), Doc.

9   #17, at 2.

10       Generally, the Court may not consider material beyond the

11  pleadings in ruling on a motion to dismiss for failure to state

12  a claim.  However, the Court may take judicial notice of

13  material attached to, or relied on by, the complaint so long as

14  authenticity is not disputed, or matters of public record,

15  provided that they are not subject to reasonable dispute.  E.g.,

16  Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. 2009)

17  (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.

18  2001) and Fed. R. Evid. 201).

19       Each of the five documents listed above are public records,

20  as they have been recorded in the Sacramento County Recorder's

21  Office.  Furthermore, Plaintiff has not opposed Defendants'

22  request, and the documents are not subject to reasonable

23  dispute.  Therefore, they are the proper subject of a request

24  for judicial notice.  See Fed. R. Evid. 201.  Defendants'

25  request is granted.

26       Plaintiff requests that the Court take judicial notice of

27  the Temporary Restraining Order issued by the California

28  Superior Court in this case.  Pl.'s Request for Judicial Notice

6

1   ("PRJN"), Doc. #21, at 2.  This document is a public record and

2   Defendants have not opposed Plaintiff's request.  Therefore, it

3   is the proper subject of a request for judicial notice.  See,

4   e.g., Pistoresi v. Madera Irr. Dist., 2009 WL 256755, at *6

5   (E.D. Cal. Feb. 3, 2009) (taking judicial notice of a Temporary

6   Restraining Order).  Plaintiff's request as to the temporary

7   restraining order is granted.

8        Plaintiff also requests judicial notice of the Complaint

9   filed in this action.  PRJN, Doc. #21, at 2.  Because the

10  Complaint filed in this action is already part of the record,

11  Plaintiff's request as to the Complaint is denied.

12       C.   First Cause of Action

13       In her first cause of action, Plaintiff asks for declaratory

14  relief in the form of a judicial declaration that Plaintiff has

15  the right to reinstate the loan for which the Deed of Trust is

16  collateral, and that Defendants are required to provide her with

17  the information necessary to do so.  Defendants argue that

18  Plaintiff does not state a claim upon which relief can be granted

19  because she fails to allege that Defendants have withheld any

20  information necessary to Plaintiff's exercise of the right to

21  reinstate and, in fact, her allegations establish that all

22  necessary information has been provided.  Plaintiff responds by

23  reiterating her claim that she has "an unconditional right to

24  cure/reinstate[,]" both as a "Borrower" on the Deed of Trust and

25  as a successor-in-interest to Hamblen in the Subject Property.

26  She also continues to contend that she has been unable to tender

27  performance and reinstate the loan because Defendants "have

28  failed and refused to disclose any information to Plaintiff or

7

1    her counsel regarding the loan, other than the payoff amounts

2    stated in Notice of Default and Notice of Sale."  Opp. at 6.

3    Plaintiff alleges that she "stands ready, willing and able to

4    cure the arrears on the promissory note and tender performance

5    under the Deed of Trust, if only she can ascertain the correct

6    amounts now due on the loan, the correct account number, and the

7    correct address for payment." Compl. ¶ 20.

8         The rights and obligations of a trustor in a deed of trust

9    are governed by California Civil Code section 2924 *et seq.*  Under

10   section 2924c, the trustor has a statutory right of

11   reinstatement.   Specifically, section 2924c provides that "the

12   trustor . . . may pay to the beneficiary . . . the entire amount

13   due . . . and thereby cure the default . . . and the obligation

14   and deed of trust or mortgage shall be reinstated[.]"  Cal. Civ.

15   Code § 2924.

16        Accordingly, Plaintiff is entitled to the right to reinstate

17   the loan through full payment of the debt.  However, Plaintiff

18   fails to allege that she has exercised this right through a

19   proper tender of payment.  In the Complaint, Plaintiff alleges

20   that she "made numerous attempts to tender performance under the

21   Deed of Trust and cure the arrears on the loan" but was unable to

22   do so because Defendants refused to provide the necessary

23   information.  Compl. ¶ 19.  This naked assertion is insufficient

24   to constitute a specific allegation that Plaintiff has tendered

25   performance or that Defendants have improperly refused a tender

26   of performance.  See Gaffney v. Downey Sav. & Loan Assn., 200

27   Cal.App.3d 1154, 1165 (1988) ("The tenderer must do and offer

28   everything that is necessary on his part to complete the

8

1  transaction[.]  [I]t is a debtor's responsibility to make an
2  unambiguous tender of the entire amount due or else suffer the
3  result that the tender is of no effect.").

4      Here, despite Plaintiff's assertion that she "made numerous
5  attempts to tender performance," she fails to state any factual
6  basis for this claim.  Compl. ¶ 19.  Notably, Plaintiff fails to
7  allege that she actually sent any payment to Defendants, despite
8  the fact that she knew the total amount due (appearing on the
9  Notice of Default and the Notice of Sale) and the proper mailing
10  address of the beneficiary (appearing on the second page of the
11  Notice of Default).  Exs. D-E, attached to DRJN, Doc. #17.

12      Nevertheless, Plaintiff contends that such a tender was
13  rendered impossible by Defendants' refusal "to disclose any
14  information to Plaintiff or her counsel regarding the loan, other
15  than the payoff amounts stated in Notice of Default and Notice of
16  Sale."  Opp. at 6.

17      Under section 2924c(b)(1), the beneficiary or mortgagee is
18  required to provide the trustor with certain information that is
19  necessary to exercise the right to reinstate the loan.
20  Specifically, section 2924c(b)(1) mandates that a "Notice of
21  Default" be sent to the trustor, containing the following
22  language: "To find out the amount you must pay, or to arrange for
23  payment to stop the foreclosure . . . contact:" followed by the
24  name of the beneficiary or mortgagee, its mailing address, and
25  its telephone number.

26      California courts have determined that "compliance [with
27  section 2924c(b)(1)] necessarily requires that the beneficiary
28  provide accurate information in response to an inquiry from the

1  trustor."  <u>Anderson v. Heart Fed. Sav. & Loan Assn.</u>, 208

2  Cal.App.3d 202, 216 (1989).  However, the beneficiary's duty to

3  provide the trustor with information is quite limited.  <u>See</u>

4  <u>Ausulio v. Summit Homeowner's Assn., Inc.</u>, 2003 WL 22229550, at

5  *10 (Cal. Ct. App. Sept. 29, 2003) (holding that, as long as

6  there is no "uncertainty regarding the appropriate amount of the

7  debt," the standard Notice of Default is sufficient to satisfy

8  the beneficiary's obligation under section 2924c(b)(1)).

9      Here, Plaintiff acknowledges that she received a Notice of

10  Default, which included a payoff amount.  Furthermore, although

11  the copy of the Notice of Default provided in Plaintiff's Exhibit

12  A contains only the first page of the Notice, the full notice

13  appears in Defendants' Exhibit D, and shows that the second page

14  of the Notice includes the statutorily required language and

15  contact information.  Ex. A, attached to Complaint, Doc. #1.  Ex.

16  D, attached to DJRN, Doc. #17.  Specifically, the Notice directs

17  the recipient to contact "BANK OF AMERICA, N.A." and provides a

18  mailing address and a phone number.  Ex. D, attached to DJRN,

19  Doc. #17.

20      Accordingly, Plaintiff fails to allege that Defendants did

21  not comply with the statutory mandate that the Notice of Default

22  include sufficient contact information.

23      Nevertheless, Plaintiff contends that Defendants' refusal to

24  disclose any loan information, other than the amount due,

25  prevented Plaintiff from exercising her right to reinstate the

26  loan.  However, Plaintiff fails to identify what additional

27  information was needed, or how this information was necessary to

28  her exercising her right to reinstate the loan.  By her own

1  allegations, the "payoff amount" was included in the Notice of

2  Default which Plaintiff received.  Furthermore, as seen in the

3  full Notice of Default, Plaintiff was provided with Defendant

4  Bank of America's mailing address and telephone number.  Even if

5  Defendants refused to disclose any other information, Plaintiff

6  had access to sufficient information to make a full payment and

7  reinstate the loan.

8      Accordingly, Plaintiff's first cause of action for

9  declaratory relief is dismissed.  Despite Defendants' alleged

10  refusal to provide Plaintiff with information regarding the loan,

11  their compliance with the notice requirements of section

12  2924c(b)(1) provided Plaintiff with sufficient information to

13  exercise her right to reinstate the loan.  No actual controversy

14  exists between Plaintiff and Defendants because Plaintiff's

15  request for information has already been satisfied.

16      However, it is possible that the complaint can be saved by

17  amendment.  Namely, Plaintiff must allege specific facts that

18  sufficiently describe either (1) an actual tender of payment to

19  Defendants or (2) exactly what additional information regarding

20  the loan was withheld by Defendants, and how this made payment

21  impossible.

22      As the argument considered above is dispositive, the Court

23  declines to address Defendants' remaining arguments regarding the

24  first cause of action.

25      Plaintiff's first claim for declaratory relief is DISMISSED

26  WITH LEAVE TO AMEND.

27

28

1          D.    Second Cause of Action

2          In her second cause of action, Plaintiff asks for

3     declaratory relief, contending that "Bank of America is the sole

4     beneficiary under the Deed of Trust and that MERS has no

5     authority to transfer or assign any rights under the Deed[.]"

6     Compl. ¶ 29.  Plaintiff alleges that MERS signed the Deed of

7     Trust "solely as nominee" and therefore lacks the authority to

8     assign its interest to a third party.  Compl. ¶ 12.  Defendants

9     argue that Plaintiff lacks standing because the foreclosure and

10    sale of her property does not constitute an injury in fact.

11    Plaintiff responds that this argument "misses the gravamen" of

12    the Complaint and that the foreclosure would "constitute a

13    violation of substantive California law."

14         Defendants' argument that Plaintiff lacks standing appears

15    to confuse "prejudicial procedural irregularity" in the context

16    of wrongful foreclosures with "injury" for the purpose of

17    standing.  See Fontenot v. Wells Fargo Bank, N.A., 198

18    Cal.App.4th 256, 272 (2011) (noting that "a plaintiff in a suit

19    for wrongful foreclosure has generally been required to

20    demonstrate that the alleged imperfection in the foreclosure

21    process was prejudicial to the plaintiff's interest" in order to

22    overcome the common law presumption that a nonjudicial

23    foreclosure sale was conducted regularly and fairly); see Herrera

24    v. Fed. Nat. Mortgage Assn., 205 Cal.App.4th 1495, 1507 (2012)

25    (noting that "[e]ven if MERS lacked the authority to transfer the

26    note, it is difficult to conceive how plaintiff was prejudiced by

27    MERS' purported assignment" and therefore declining to void a

28    foreclosure sale).  The wrongful foreclosure and sale of

1    Plaintiff's home would almost certainly constitute a concrete

2    injury for purposes of establishing standing.   See generally

3    Lujan v. Defenders, 504 U.S. 555 (1992).

4         Nevertheless, Plaintiff fails to cite any cases to support

5    her substantive argument that the nominee beneficiary on a Deed

6    of Trust lacks the authority to assign its interest to a third

7    party.   This is unsurprising, as "[t]he courts in California have

8    universally held that MERS, as nominee beneficiary, has the power

9    to assign its interest under a deed of trust." Herrera, 205

10   Cal.App.4th 1495, 1498 (2012).   For example, in Fontenot, the

11   court held that "the allegation that MERS was merely a nominee is

12   insufficient to demonstrate that MERS lacked authority to make a

13   valid assignment of the note on behalf of the original lender."

14   Fontenot, 198 Cal.Appl.4th 256, 271 (2011).

15        Here, the Deed of Trust states that "[t]he beneficiary of

16   this Security Instrument is MERS (solely as nominee for Lender

17   and Lender's successors and assigns) and the successors and

18   assigns of MERS."   Ex. A, attached to DJRN, Doc. #17.

19   Accordingly, the Deed not only identifies MERS as the nominee

20   beneficiary, but also implicitly contemplates the potential

21   future assignment of MERS' interest to a third party.

22   Furthermore, California Civil Code section 2932.5 expressly

23   provides that the "power of sale" may be assigned to and

24   exercised by a third party.

25        As Plaintiff makes no other allegations that would call into

26   question the validity of MERS' assignment, she has failed to

27   state a claim and the second cause of action is dismissed.

28   Furthermore, as it is clear that the complaint can not be saved

1  by amendment, it must be dismissed with prejudice.

2      Plaintiff's second claim for declaratory relief is DISMISSED

3  WITHOUT LEAVE TO AMEND.

4      E.   <u>Third Cause of Action</u>

5      Plaintiff also asserts a separate claim for injunctive

6  relief.  Defendants move to dismiss this claim on the grounds

7  that injunctive relief is a remedy, not a separate claim.

8  Plaintiff fails to oppose this argument.

9       Defendants are correct that injunctive relief is a remedy,

10 not a separate cause of action.  A "separately pled claim or

11 cause of action for injunctive relief is inappropriate." <u>Jensen</u>

12 <u>v. Quality Loan Serv. Corp.</u>, 702 F. Supp. 2d 1183, 1201 (E.D.

13 Cal. 2010).  Accordingly, Plaintiff's claim for injunctive relief

14 is DISMISSED WITHOUT LEAVE TO AMEND.

15

16                        III. ORDER

17     For the foregoing reasons, Defendants' Motion to Dismiss is

18 GRANTED.  Defendants' Motion to Dismiss Plaintiff's first cause

19 of action is GRANTED WITH LEAVE TO AMEND.  Defendants' Motion to

20 Dismiss Plaintiff's second and third causes of action is GRANTED

21 WITH PREJUDICE.  Plaintiff's Amended Complaint must be filed

22 within twenty (20) days from the date of this order. Defendants'

23 responsive pleading is due within twenty (20) days thereafter.

24 If Plaintiff elects not to file an Amended Complaint, she should

25 file a notice of dismissal within the next twenty (20) days.

26     IT IS SO ORDERED.

27 Dated: October 9, 2013

28                        _____
                          JOHN A. MENDEZ,
                          UNITED STATES DISTRICT JUDGE

                                     14