UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAGMA SAFI, Trustee of the Wagma Safi Living Trust dated September 24, 2008,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.; QUALIFIED LOAN SERVICE CORPORATION; FEDERAL HOME LOAN MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SERVICE, INC.; and DOES 1-50,<br><br>        Defendants. | No.  2:12-CV-02280-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

   This matter is before the Court on Defendants Bank of America, N.A. ("BANA"), Quality Loan Service Corporation ("Quality"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1-50's (collectively "Defendants") Motion to Dismiss (Doc. #16) Wagma Safi's ("Plaintiff") Complaint (Doc. #1) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

1

Plaintiff opposes the motion ("Opposition") (Doc. #20).[1] Defendants filed a reply to the Opposition (Doc. #24). For the following reasons, Defendants' motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a foreclosure action brought against real property commonly known as 9948 Pianella Way, Elk Grove, California ("Subject Property"). Prior to June 2008, Plaintiff was the sole owner of the Subject Property. On or about June 12, 2008, Plaintiff and Bob Hugh Hamblen ("Hamblen") allegedly entered into an oral agreement which included the following terms:

   a.  Plaintiff would execute a quitclaim deed to the Subject Property, naming herself and Hamblen as tenants in common.

   b.  Hamblen would obtain a $240,000 loan from Countrywide Bank, secured by a deed of trust against the Subject Property signed by Plaintiff and Hamblen. The promissory note for the loan would be solely in Hamblen's name.

   c.  Plaintiff would be responsible for paying all principal, interest, and other charges due on the loan.

   d.  If Hamblen predeceased Plaintiff, his estate would pay the balance due on the loan to Countrywide.

   e.  Plaintiff would remain the true equitable owner of the Subject Property and, upon Plaintiff's demand, Hamblen would execute a quitclaim deed to Plaintiff. Upon Hamblen's death, his

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for September 11, 2013.

legal half interest in the property would pass to Plaintiff.

On June 12, 2008, Plaintiff executed a grant deed conveying a half interest in the Subject Property to Hamblen and retaining the other half interest.

Also on June 12, 2008, Plaintiff and Hamblen, as trustors, executed a Deed of Trust against the Subject Property in favor of Countrywide Bank.  Under the Deed of Trust, MERS was the nominal beneficiary and nominee for Countrywide Bank.  The Deed of Trust was security for a $240,000 loan obtained solely in Hamblen's name from Countrywide Bank.

On June 16, 2008, both the grant deed and the Deed of Trust were recorded.  On September 19, 2008, Plaintiff and Hamblen signed a written agreement identical in its terms to the oral agreement made on or about June 12, 2008 (described above).  In November 2009, Hamblen died intestate.

From June 2008 to December 2011, Plaintiff allegedly made all payments on the loan to Countrywide, then to BANA, via electronic withdrawals from her bank checking account. In December 2011, Plaintiff ceased making payments on the advice of prior counsel.

From December 2011 to present, Plaintiff allegedly "made numerous attempts to tender performance under the Deed of Trust and cure the arrears on the loan." Compl. ¶ 19.  However, she was unable to do so because BANA refused to disclose any information to her, other than the monetary amount required to pay off the loan.  Plaintiff was told that she could not obtain any other information because she was not an obligor on the original promissory note.

3

On March 13, 2012, an Assignment of Deed of Trust was recorded, transferring the beneficial interest under the Deed of Trust from MERS to BANA.  On May 8, 2012, a Substitution of Trustee was recorded, making Quality the trustee under the Deed of Trust.  Also on May 8, 2012, Quality recorded a Notice of Default against the Subject Property.  On August 10, 2012, Quality recorded a Notice of Sale against the Subject Property.

On August 28, 2012, Plaintiff filed the original Complaint (Doc. #1) in Sacramento County Superior Court.

On August 30, 2012, the Sacramento County Superior Court issued a Temporary Restraining Order staying the planned sale of the Subject Property.  That order remains in effect pending the outcome of this case.

On October 26, 2012, Defendants removed the present case from Sacramento County Superior Court to this Court (Doc. #1).

This Court has jurisdiction under 18 U.S.C. § 1452(f), which grants original jurisdiction to United States district courts over civil actions to which Freddie Mac is a party.

## II.   OPINION

### A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a district court must accept all the allegations in the complaint

4

as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. Assertions that are mere "legal conclusions" are therefore not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Dismissal is appropriate when a plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. <u>Judicial Notice</u>

Defendants request that the Court take judicial notice of five documents: (1) the Deed of Trust referenced in the Complaint; (2) the Assignment of Deed of Trust from MERS to BANA; (3) the Substitution of Trustee naming Quality as substitute trustee; (4) the Notice of Default referenced in the Complaint; and (5) the Notice of Sale referenced in the Complaint. Def.'s Request for Judicial Notice ("DRJN"), Doc. #17, at 2.

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. However, the Court may take judicial notice of material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. <u>E.g.</u>, <u>Sherman v. Stryker Corp.</u>, 2009 WL 2241664 at *2 (C.D. Cal. 2009) (citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

Each of the five documents listed above are public records, as they have been recorded in the Sacramento County Recorder's Office. Furthermore, Plaintiff has not opposed Defendants' request, and the documents are not subject to reasonable dispute. Therefore, they are the proper subject of a request for judicial notice. <u>See</u> Fed. R. Evid. 201. Defendants' request is granted.

Plaintiff requests that the Court take judicial notice of the Temporary Restraining Order issued by the California Superior Court in this case. Pl.'s Request for Judicial Notice

1  ("PRJN"), Doc. #21, at 2.  This document is a public record and
2  Defendants have not opposed Plaintiff's request.  Therefore, it
3  is the proper subject of a request for judicial notice.  <u>See</u>,
4  <u>e.g.</u>, <u>Pistoresi v. Madera Irr. Dist.</u>, 2009 WL 256755, at *6
5  (E.D. Cal. Feb. 3, 2009) (taking judicial notice of a Temporary
6  Restraining Order).  Plaintiff's request as to the temporary
7  restraining order is granted.

8  Plaintiff also requests judicial notice of the Complaint
9  filed in this action.  PRJN, Doc. #21, at 2.  Because the
10 Complaint filed in this action is already part of the record,
11 Plaintiff's request as to the Complaint is denied.

12     C.   First Cause of Action

13     In her first cause of action, Plaintiff asks for declaratory
14 relief in the form of a judicial declaration that Plaintiff has
15 the right to reinstate the loan for which the Deed of Trust is
16 collateral, and that Defendants are required to provide her with
17 the information necessary to do so.  Defendants argue that
18 Plaintiff does not state a claim upon which relief can be granted
19 because she fails to allege that Defendants have withheld any
20 information necessary to Plaintiff's exercise of the right to
21 reinstate and, in fact, her allegations establish that all
22 necessary information has been provided.  Plaintiff responds by
23 reiterating her claim that she has "an unconditional right to
24 cure/reinstate[,]" both as a "Borrower" on the Deed of Trust and
25 as a successor-in-interest to Hamblen in the Subject Property.
26 She also continues to contend that she has been unable to tender
27 performance and reinstate the loan because Defendants "have
28 failed and refused to disclose any information to Plaintiff or

7

her counsel regarding the loan, other than the payoff amounts stated in Notice of Default and Notice of Sale." Opp. at 6. Plaintiff alleges that she "stands ready, willing and able to cure the arrears on the promissory note and tender performance under the Deed of Trust, if only she can ascertain the correct amounts now due on the loan, the correct account number, and the correct address for payment." Compl. ¶ 20.

The rights and obligations of a trustor in a deed of trust are governed by California Civil Code section 2924 *et seq.* Under section 2924c, the trustor has a statutory right of reinstatement. Specifically, section 2924c provides that "the trustor . . . may pay to the beneficiary . . . the entire amount due . . . and thereby cure the default . . . and the obligation and deed of trust or mortgage shall be reinstated[.]" Cal. Civ. Code § 2924.

Accordingly, Plaintiff is entitled to the right to reinstate the loan through full payment of the debt. However, Plaintiff fails to allege that she has exercised this right through a proper tender of payment. In the Complaint, Plaintiff alleges that she "made numerous attempts to tender performance under the Deed of Trust and cure the arrears on the loan" but was unable to do so because Defendants refused to provide the necessary information. Compl. ¶ 19. This naked assertion is insufficient to constitute a specific allegation that Plaintiff has tendered performance or that Defendants have improperly refused a tender of performance. See Gaffney v. Downey Sav. & Loan Assn., 200 Cal.App.3d 1154, 1165 (1988) ("The tenderer must do and offer everything that is necessary on his part to complete the

transaction[.] [I]t is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the result that the tender is of no effect.").

Here, despite Plaintiff's assertion that she "made numerous attempts to tender performance," she fails to state any factual basis for this claim. Compl. ¶ 19. Notably, Plaintiff fails to allege that she actually sent any payment to Defendants, despite the fact that she knew the total amount due (appearing on the Notice of Default and the Notice of Sale) and the proper mailing address of the beneficiary (appearing on the second page of the Notice of Default). Exs. D-E, attached to DRJN, Doc. #17.

Nevertheless, Plaintiff contends that such a tender was rendered impossible by Defendants' refusal "to disclose any information to Plaintiff or her counsel regarding the loan, other than the payoff amounts stated in Notice of Default and Notice of Sale." Opp. at 6.

Under section 2924c(b)(1), the beneficiary or mortgagee is required to provide the trustor with certain information that is necessary to exercise the right to reinstate the loan. Specifically, section 2924c(b)(1) mandates that a "Notice of Default" be sent to the trustor, containing the following language: "To find out the amount you must pay, or to arrange for payment to stop the foreclosure . . . contact:" followed by the name of the beneficiary or mortgagee, its mailing address, and its telephone number.

California courts have determined that "compliance [with section 2924c(b)(1)] necessarily requires that the beneficiary provide accurate information in response to an inquiry from the

9

trustor." Anderson v. Heart Fed. Sav. & Loan Assn., 208 Cal.App.3d 202, 216 (1989). However, the beneficiary's duty to provide the trustor with information is quite limited. See Ausulio v. Summit Homeowner's Assn., Inc., 2003 WL 22229550, at *10 (Cal. Ct. App. Sept. 29, 2003) (holding that, as long as there is no "uncertainty regarding the appropriate amount of the debt," the standard Notice of Default is sufficient to satisfy the beneficiary's obligation under section 2924c(b)(1)).

Here, Plaintiff acknowledges that she received a Notice of Default, which included a payoff amount. Furthermore, although the copy of the Notice of Default provided in Plaintiff's Exhibit A contains only the first page of the Notice, the full notice appears in Defendants' Exhibit D, and shows that the second page of the Notice includes the statutorily required language and contact information. Ex. A, attached to Complaint, Doc. #1. Ex. D, attached to DJRN, Doc. #17. Specifically, the Notice directs the recipient to contact "BANK OF AMERICA, N.A." and provides a mailing address and a phone number. Ex. D, attached to DJRN, Doc. #17.

Accordingly, Plaintiff fails to allege that Defendants did not comply with the statutory mandate that the Notice of Default include sufficient contact information.

Nevertheless, Plaintiff contends that Defendants' refusal to disclose any loan information, other than the amount due, prevented Plaintiff from exercising her right to reinstate the loan. However, Plaintiff fails to identify what additional information was needed, or how this information was necessary to her exercising her right to reinstate the loan. By her own

allegations, the "payoff amount" was included in the Notice of Default which Plaintiff received.  Furthermore, as seen in the full Notice of Default, Plaintiff was provided with Defendant Bank of America's mailing address and telephone number.  Even if Defendants refused to disclose any other information, Plaintiff had access to sufficient information to make a full payment and reinstate the loan.

Accordingly, Plaintiff's first cause of action for declaratory relief is dismissed.  Despite Defendants' alleged refusal to provide Plaintiff with information regarding the loan, their compliance with the notice requirements of section 2924c(b)(1) provided Plaintiff with sufficient information to exercise her right to reinstate the loan.  No actual controversy exists between Plaintiff and Defendants because Plaintiff's request for information has already been satisfied.

However, it is possible that the complaint can be saved by amendment.  Namely, Plaintiff must allege specific facts that sufficiently describe either (1) an actual tender of payment to Defendants or (2) exactly what additional information regarding the loan was withheld by Defendants, and how this made payment impossible.

As the argument considered above is dispositive, the Court declines to address Defendants' remaining arguments regarding the first cause of action.

Plaintiff's first claim for declaratory relief is DISMISSED WITH LEAVE TO AMEND.

D.  Second Cause of Action

In her second cause of action, Plaintiff asks for declaratory relief, contending that "Bank of America is the sole beneficiary under the Deed of Trust and that MERS has no authority to transfer or assign any rights under the Deed[.]" Compl. ¶ 29. Plaintiff alleges that MERS signed the Deed of Trust "solely as nominee" and therefore lacks the authority to assign its interest to a third party. Compl. ¶ 12. Defendants argue that Plaintiff lacks standing because the foreclosure and sale of her property does not constitute an injury in fact. Plaintiff responds that this argument "misses the gravamen" of the Complaint and that the foreclosure would "constitute a violation of substantive California law."

Defendants' argument that Plaintiff lacks standing appears to confuse "prejudicial procedural irregularity" in the context of wrongful foreclosures with "injury" for the purpose of standing. See Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 272 (2011) (noting that "a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate that the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interest" in order to overcome the common law presumption that a nonjudicial foreclosure sale was conducted regularly and fairly); see Herrera v. Fed. Nat. Mortgage Assn., 205 Cal.App.4th 1495, 1507 (2012) (noting that "[e]ven if MERS lacked the authority to transfer the note, it is difficult to conceive how plaintiff was prejudiced by MERS' purported assignment" and therefore declining to void a foreclosure sale). The wrongful foreclosure and sale of

12

1  Plaintiff's home would almost certainly constitute a concrete
2  injury for purposes of establishing standing.  See generally
3  Lujan v. Defenders, 504 U.S. 555 (1992).
4      Nevertheless, Plaintiff fails to cite any cases to support
5  her substantive argument that the nominee beneficiary on a Deed
6  of Trust lacks the authority to assign its interest to a third
7  party.  This is unsurprising, as "[t]he courts in California have
8  universally held that MERS, as nominee beneficiary, has the power
9  to assign its interest under a deed of trust." Herrera, 205
10 Cal.App.4th 1495, 1498 (2012).  For example, in Fontenot, the
11 court held that "the allegation that MERS was merely a nominee is
12 insufficient to demonstrate that MERS lacked authority to make a
13 valid assignment of the note on behalf of the original lender."
14 Fontenot, 198 Cal.Appl.4th 256, 271 (2011).
15     Here, the Deed of Trust states that "[t]he beneficiary of
16 this Security Instrument is MERS (solely as nominee for Lender
17 and Lender's successors and assigns) and the successors and
18 assigns of MERS."  Ex. A, attached to DJRN, Doc. #17.
19 Accordingly, the Deed not only identifies MERS as the nominee
20 beneficiary, but also implicitly contemplates the potential
21 future assignment of MERS' interest to a third party.
22 Furthermore, California Civil Code section 2932.5 expressly
23 provides that the "power of sale" may be assigned to and
24 exercised by a third party.
25     As Plaintiff makes no other allegations that would call into
26 question the validity of MERS' assignment, she has failed to
27 state a claim and the second cause of action is dismissed.
28 Furthermore, as it is clear that the complaint can not be saved

by amendment, it must be dismissed with prejudice.

Plaintiff's second claim for declaratory relief is DISMISSED WITHOUT LEAVE TO AMEND.

### E. Third Cause of Action

Plaintiff also asserts a separate claim for injunctive relief.  Defendants move to dismiss this claim on the grounds that injunctive relief is a remedy, not a separate claim.  Plaintiff fails to oppose this argument.

Defendants are correct that injunctive relief is a remedy, not a separate cause of action.  A "separately pled claim or cause of action for injunctive relief is inappropriate." Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010). Accordingly, Plaintiff's claim for injunctive relief is DISMISSED WITHOUT LEAVE TO AMEND.

## III. ORDER

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.  Defendants' Motion to Dismiss Plaintiff's first cause of action is GRANTED WITH LEAVE TO AMEND.  Defendants' Motion to Dismiss Plaintiff's second and third causes of action is GRANTED WITH PREJUDICE.  Plaintiff's Amended Complaint must be filed within twenty (20) days from the date of this order. Defendants' responsive pleading is due within twenty (20) days thereafter. If Plaintiff elects not to file an Amended Complaint, she should file a notice of dismissal within the next twenty (20) days.

IT IS SO ORDERED.

Dated: October 9, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE